# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID ACOSTA JIMENEZ,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-1459** |
| **v.** | : | |
| | : | |
| **J. L. JAMISON,** *Warden of* | : | |
| *Philadelphia Federal Detention Center,* | : | |
| *et al.,* | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 17th day of March 2026, upon consideration of Petitioner David Acosta Jimenez's, ("Mr. Jimenez" or "Petitioner"), *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), and Respondents'[1] answer in opposition, (ECF 5), and the parties' stipulation to waive oral argument and for the Court to decide the Petition on the submissions filed, (ECF 6), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition is **GRANTED**,[2] as follows:

---

[1]    Petitioner named as Respondents the following individuals in their official capacities, *to wit*: Jamal L. Jamison, Warden of the Federal Detention Center in Philadelphia, Pennsylvania, (the "FDC"); Brian McsShane, Acting Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office of the United States Immigration and Customs Enforcement, ("ICE"), the Executive Office for Immigration Review, Pamela Bondi, United States Attorney General, and Kristi Noem, former Secretary of the Department of Homeland Security, ("DHS"), (collectively, the "Government"). (ECF 1). Consistent with Federal Rule of Civil Procedure, ("Rule"), 25(d) concerning departing public officials, to the extent this action is against the Secretary of DHS, it is considered against the acting Secretary of DHS, Markwayne Mullin.

[2]    The facts in this case are summarized as follows:  In January 2021, Mr. Jimenez, a citizen of Mexico, immigrated to the United States, (ECF 1 at ¶ 1), apparently, without prior authorization from the United States government. (*See id.*). Upon his arrival, Petitioner was not inspected nor granted any status of release into the country. (*Id.*). Plaintiff thereafter settled in Swedesboro, New Jersey, where he apparently lives with his partner, a lawful permanent resident, and his partner's three-year-old child, who is a United States citizen. (*Id.* at ¶ 2). Petitioner is employed at a meat packing plant and the income derived from that employment is the only financial support for him and his family. Petitioner represents that he does not have any history of criminal activity, here or abroad. (*See id.* at ¶ 5); (*see generally* ECF 5) (the Government's confirms this lack of a history of criminal activity). On March 4, 2026, Mr. Jimenez was apprehended by ICE agents while on his way to work. (ECF 1 at ¶ 4). Since his arrest, he has been detained at the Federal Detention Facility in Philadelphia, ("FDC"). (*Id.* at ¶ 7).

_____

In his *habeas* petition, Petitioner seeks a declaration that his detention is unlawful and an order for his immediate release.  In the alternative, Petitioner seeks an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).  Finally, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his Fifth Amendment rights pursuant to the United States Constitution.  (*Id.* at ¶¶ 63-71).

Petitioner argues that because he was detained pursuant to 8 U.S.C. § 1225(b) his detention violates the INA because, as he has never been subject to expedited removal and has been in the United States for several years, he is not subject to that mandatory detention provision.  Rather, DHS' authority to detain him, if any, arises under 8 U.S.C. § 1226(a), and his detention without a bond hearing runs afoul of 8 U.S.C. § 1226(a).  (ECF 1 at ¶ 14) and his detention without a bond hearing runs afoul of the applicable section of the INA.  In its response, the Government reiterates an argument that this Court and others in this District and throughout the country have addressed and rejected.  (*See generally* ECF 5).  The Government acknowledges that over 190 rulings have found the Government's argument in these cases lack merit. Nonetheless, the Government again argues that, because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is "seeking admission" such that he is unlawfully being detained pursuant to 8 U.S.C. § 1225(b)(2).  (*See id.*).  Consistent with its many rulings, this Court disagrees and finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2).  . *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).  The Court also finds that DHS' present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a).  As such, Petitioner is, at the very least, entitled under the law to a bond hearing, and that his continued detention without such a hearing violates the INA.

Petitioner further argues that his detention violates his constitutional due process rights because it was imposed without process, a showing of changed circumstances, an opportunity for Petitioner to respond, and without a bond hearing.  The Government reiterates its argument that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration.  To determine whether Petitioner has been denied due process, the Court applies the *Mathews v. Eldrige* balancing test, 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty.  The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived.  Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities.  Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights.  On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

In light of these statutory and due process violations, Petitioner seeks his immediate release from custody.  (ECF 1 at p. 14).  Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy.  A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention."  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's constitutional due process rights.  *See* 28 U.S.C. § 2241(c)(3).  Consequently, this Court finds that the law and justice require Petitioner's immediate release.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the laws and the Constitution of the United States, he is to be ***immediately*** released;

3. The Government is further directed to return to Petitioner (Mr. David Acosta Jimenez) any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on March 4, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on March 19, 2026.

The Clerk of Court shall mark this case **CLOSED** once certification is received..

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

3